IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBBY GUZZO,<br><br>        Plaintiff,<br><br>   v.<br><br>MASON MCDUFFIE MORTGAGE CO., et al.,<br><br>        Defendants. | Case No. 23-cv-05788-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DIRECTIONS TO PLAINTIFF; DEFERRING RULING ON PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |

        Before the Court is defendant Mason McDuffie Mortgage's "Rule 12(b)(6) Motion to Dismiss," filed January 8, 2024, whereby it seeks dismissal of plaintiff Libby Guzzo's Complaint. Plaintiff has not filed opposition thereto.

        Also before the Court are two motions filed by plaintiff on January 22, 2024: (1) "Motion for Leave to File [a] First Amended Complaint"; and (2) "Motion for Order Remanding Removed Action to State Court." On February 5, 2024, defendant filed opposition to each motion. Thereafter, on February 14, 2024, plaintiff filed a reply to each opposition, after which defendant filed an objection to each reply on the basis of untimeliness, and, lastly, plaintiff filed a reply to each objection. As plaintiffs' replies were due no later than February 12, 2024, see Civil L.R. 7-3(a), (c) (providing reply must be filed no later than twenty-one days after date motion is filed), and plaintiff has offered no explanation for the delay, the replies are hereby STRICKEN as untimely

        Having read and considered defendant's motion to dismiss, plaintiff's two motions, and defendant's oppositions to plaintiff's motions, the Court deems the motions suitable for decision on those written submissions, VACATES the hearing scheduled for March 1,

2024, and hereby rules as follows:

    1.  Defendant's unopposed motion to dismiss the Complaint is hereby GRANTED, and the Complaint is hereby DISMISSED, as the Complaint fails to include sufficient factual allegations to state a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state cognizable claim).  Indeed, plaintiff, in her motion to amend, acknowledges that the Complaint, which was filed in state court on a form pleading, is "limited in its discussion of claims, identification of issues, [and] statement of facts."  (See Pl.'s Mot. to Amend at 5:17-18.)

    2.  Plaintiff's motion to file a proposed First Amended Complaint ("FAC"), which proposed pleading provides additional factual detail in support of plaintiff's supplemental state law claims, and omits the sole federal claim asserted in the Complaint, is hereby GRANTED.  Contrary to defendant's opposition, plaintiff has not unduly delayed in seeking to amend, as the case is in its early stages, nor does the proposed FAC appear to be asserting claims that are futile, and defendant has not identified any form of cognizable prejudice it may suffer if plaintiff were allowed to amend.[1]  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (identifying factors courts must consider in determining whether leave to amend is proper).  Plaintiff is hereby DIRECTED to file the proposed First Amended Complaint no later than March 8, 2024.

    3.  In her motion to remand, plaintiff states that, if she is afforded leave to file the proposed FAC, the Court should exercise its discretion to remand, as she no longer pleads any federal claims.  As the proposed FAC has not yet been filed, however, the Court hereby DEFERS ruling on plaintiff's motion to remand until March 8, 2024, or the date on which plaintiff files her proposed First Amended Complaint,

---

[1] Defendant correctly points out the proposed FAC is filed as an attachment to plaintiff's motion to remand, rather than to her motion to amend.  As the two motions were concurrently filed, however, defendant was not prejudiced by the irregularity.

whichever date is earlier.

**IT IS SO ORDERED.**

Dated: February 27, 2024

MAXINE M. CHESNEY
United States District Judge