IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBBY GUZZO,<br><br>    Plaintiff,<br><br>  v.<br><br>MASON MCDUFFIE MORTGAGE CO., et al.,<br><br>    Defendants. | Case No. 23-cv-05788-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; DIRECTING PLAINTIFF TO SHOW CAUSE WHY FEDERAL CLAIM AGAINST ADAM ROSEN SHOULD NOT BE DISMISSED; CONTINUING CASE MANAGEMENT CONFERENCE** |

By order filed February 27, 2024, the Court granted plaintiff Libby Guzzo's ("Guzzo") motion for leave to file her proposed First Amended Complaint ("Proposed FAC") and directed her to file the Proposed FAC no later than March 8, 2024. In the same order, the Court deferred ruling on Guzzo's Motion for Order Remanding Removed Action to State Court ("Motion to Remand"), filed January 22, 2024, which motion is based on Guzzo's having removed from the Proposed FAC her cause of action under the Graham-Leach-Bliley Act ("GLBA"), the claim on which federal jurisdiction is based.

Guzzo has not, however, filed the Proposed FAC, leaving the initial Complaint as the operative pleading, which remains pending against defendant Adam Rosen ("Rosen"),[1] and, as noted, includes a federal claim.

Accordingly, the Motion to Remand is hereby DENIED.

With regard to the federal claim, however, it would appear that Guzzo has failed to

---

[1] Of the four defendants named in the Complaint, defendants Newfi Lending and Greenbox Loans, Inc. were voluntarily dismissed by Guzzo on January 18, 2024 (see Doc. Nos. 21, 22), and defendant Mason McDuffie Mortgage Co.'s motion to dismiss was granted by the Court on February 27, 2024 (see Doc. No. 38).

state a claim, that such deficiency cannot be cured, and, consequently, that said claim is subject to dismissal without leave to amend.  See Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir.1981) (observing "trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim").

In particular, Guzzo alleges Rosen violated the GLBA by "appropriating, mishandling[,] and transmitting personal information" of plaintiff.  (See Compl., Doc. 2 at 10.)[2]  Although the GLBA provides that "each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information," see 15 U.S.C. § 6801(a), a number of courts have concluded that no private right of action exists under the GLBA, see, e.g., Dunmire v. Morgan Stanley DW, Inc., 475 F.3d 956 (8th Cir. 2007) (holding "[n]o private right of action exists for an alleged violation of the GLBA"; collecting cases); Zingale v. Wells Fargo Bank, N.A., 2011 WL 13217478, at *2-*3  (C.D. Cal. January 3, 2011) (dismissing without leave to amend claim under GLBA; holding "GLBA does not provide a private right of action").  This Court has not located any authority to the contrary.

Accordingly, Guzzo is hereby DIRECTED TO SHOW CAUSE in writing, no later than April 12, 2024, and not to exceed five pages in length, why her claim under the GLBA should not be dismissed without leave to amend.

Lastly, in light of the above, the Case Management Conference is hereby CONTINUED from April 26, 2024, to May 31, 2024, at 10:30 a.m.  A Joint Case Management Statement shall be filed no later than May 24, 2024.

**IT IS SO ORDERED.**

Dated: March 29, 2024

MAXINE M. CHESNEY
United States District Judge

---

[2] In citing to the Complaint, the Court has used herein the page numbers affixed to the top of the page by this district's electronic filing program.